■ In the Matter of HOAN HOLDING Co., Appellant, v DANIEL W. JOY, as Commissioner of Department of Housing Preservation and Development, Respondent, and HOMER PRICE, Intervenor-Respondent. — Judgment entered June 14, 1982 in Supreme Court, New York County (Edwards, J.), denying petitioner's application for vacatur of a determination of the Commissioner of the Department of Housing Preservation and Development, and dismissing the CPLR article 78 petition, affirmed for the reasons stated at Special Term, without costs. There was a rational basis for the commissioner's determination that petitioner failed to carry its burden of showing continuous owner occupancy for a one-year period. The dissent's citation to *Wittlin v Rent Control Div., Dept. of Housing Preservation & Dev. of City of N. Y.* (89 AD2d 603, affd 58 NY2d 723), is inapposite because there was no question there of the fact of owner occupancy, but only the validity of the "report of decontrol," (untimely filed) and the effect of a prior decontrol of another apartment. Concur — Carro, Silverman, Fein and Kassal, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent. The judgment should be reversed, the petition granted, and the determination by the district rent director, which decontrolled the subject apartment, reinstated. Determinative of this appeal is whether appellant has met the requirements of section 2 (subd f, par [11]) of the New York City Rent and Eviction Regulations with respect to owner occupancy. That section exempts from rent control housing accommodations "which were or are continuously *occupied* by the owner thereof for a period of one year prior to the date of renting". (Italics added.) In support of its contention that the one-time owner occupied the subject apartment continuously for more than one year, appellant came forward with numerous affidavits which, though failing to establish the exact dates of the occupancy, variously described the prior owner's residence in the subject apartment between 1959 and 1964. Hazel Sullivan, who with her husband purchased the building in 1959, and whose occupancy of the apartment is at issue, filed an affidavit that she and her husband occupied the apartment from the beginning of 1960 through 1963. The only evidence adduced in rebuttal was that at the time of the claimed occupancy the Sullivans also maintained a home in Rhode Island. Considering the unavailability of more specific information due to the remoteness in time of the claimed occupancy, appellant has made a sufficiently particularized showing of owner occupancy to sustain its burden of proof. Nor is the remoteness of the owner occupancy a bar to the operation of the section. In *Wittlin v Rent Control Div.,*

*Dept. of Housing Preservation & Dev. of City of N.Y.* (89 AD2d 603, affd for reasons stated by App Div, 58 NY2d 723), the Second Department reversed a judgment which denied decontrol status for an apartment that had been similarly owner occupied back in 1962.